## AS TO PRIORITY UNDER ASSIGNMENT OF A FUND.

Circuit Court of Cuyahoga County.

THE STATE BANKING & TRUST COMPANY v. C. A. KRAUSE, JR., TRUSTEE, ET AL.

Decided, December 14, 1908.

*Assignments—Priorities Determined by Notice and Acceptance.*

An assignment of a fund, of which the debtor has notice and which he accepts and agrees to pay to the assignee, has preference as against an earlier assignment of which the debtor had no notice.

*Smith, Taft & Arter,* for plaintiff in error.

*Carpenter, Young & Stocker, Kline, Tolles & Goff* and *Smith, Taft & Arter,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The action below was begun by the defendant below, trustee in bankruptcy of the George W. Beeman Company, to recover from the Erie Railroad Company a balance due the bankrupt for construction work under a written contract. Various other claimants for this balance filed cross-petitions, and the Erie Railroad Company paid the money into court, where it was finally awarded to the trustee in bankruptcy.

The State Banking & Trust Company prosecutes error and claims the fund should have been awarded to it under an assignment made to it by the bankrupt, on estimates to become due from the Erie Railroad Company under said contract; said assignment being made as security for advances which the bank thereupon made to the bankrupt. Other assignments of the fund were subsequently made, and one at least, in an amount

sufficient with interest to consume the entire balance now in controversy was accepted by the railroad company, and payment thereof, out of moneys to become due from it to the bankrupt, was apparently promised before plaintiff in error gave notice to the railroad company of its said assignment, thus bringing the case within the exception to the rule announced in the opinion of Day, J., in *Copelan et al* v. *Manton*, 22 Ohio St., 398-401, where it is said in substance, that:

"The assignees of a fund take subject to all equities existing between the assignor and the debtor at the time he had notice of the assignment; but the time of notice will not be material, unless it becomes so for the equitable protection of the debtor or of a *bona fide* purchaser."

In other words, the plaintiff in error's assignment, though earliest in time, must be postponed in effect, to such orders thereafter made by the bankrupt upon the railroad company as the latter had accepted and agreed to pay before receiving notice of the prior assignment.

The bill of exceptions, at pages 77 and 78, makes reference to a certain document described as "Nicola's Exhibit 1," purporting to be signed by one Parsons, on behalf of the Erie Railroad Company, and pledging it to the payment of an order made by the bankrupt out of the funds due and to become due the latter, in a sum of money sufficient, as aforesaid, to consume the entire fund in controversy. The authenticity of this signature is admitted, but the defendant in error denied the capacity of Parsons to bind the Erie Railroad Company. Thereupon "Nicola's Exhibit 1" was formally offered in evidence. A search of the bill of exceptions fails to reveal it as attached to or made a part thereof. A document is exhibited to us outside the record purporting to be "Nicola's Exhibit 1," and it is evidently the document offered in evidence, but we can not consider it, because it is not a part of the record before us. We are, therefore, unable to weigh the evidence presented in the court below so as to say that that court erred in holding as it did hold, that plaintiff in error's claim must be postponed to other claims asserted in the case. For the same reason, namely, that we can not weigh the evidence at all, because of the imperfect

bill of exceptions, we forbear to discuss the claims of the Buck-eye Line Company further than to say that this company has filed no cross-petition in error, and as intimated on the hearing we see no reason why we should give it leave to do so now. We are content with the affirmance which we are thus forced to make, because we think, if the merits of the case were properly before us, we should come to the same conclusion with regard to the rights of all the parties to the record and hold that the court below adjudicated the whole matter correctly. Not being able to weigh the evidence, and finding no error in the record, we affirm the judgment below.